## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**SHANE LEE MITCHELL**                                                    **PLAINTIFF**
**ADC #121150**

**v.**                                    **No: 4:25-cv-00960-KGB-PSH**

**ESTELLA BLAND**                                                    **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Shane Lee Mitchell, an inmate at the Cummins Unit of the Arkansas Division of Correction, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 17, 2025 (Doc. No. 2). Mitchell alleged that defendant Estella Bland refused to provide him with adequate medical treatment on August 31, 2025, and

September 3, 2025. *Id.* The Court subsequently ordered service of process on Bland, and she answered Mitchell's complaint. *See* Doc. Nos. 3-4.

Before the Court is a motion for summary judgment, brief in support, and statement of undisputed facts filed by Bland (Doc. Nos. 5-7). Bland seeks judgment as a matter of law on grounds that Mitchell did not exhaust his administrative remedies as to his claims against her before he filed this action. The Court notified Mitchell of his opportunity to file a response and separate statement of disputed facts, but he did not do so. *See* Doc. No. 9. Because Mitchell failed to controvert the facts set forth in Bland's statement of facts, Doc. No. 7, those facts are deemed admitted. *See* Local Rule 56.1(c). For the reasons described herein, the undersigned recommends that Bland's motion for summary judgment be granted.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but instead must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann*

*v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  Fed. R. Civ. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.  Analysis

Bland argues that Mitchell's claims against her should be dismissed because he failed to exhaust his administrative remedies before he filed this lawsuit.  In

support of her motion, Bland submitted a declaration by Brandy Johnson, the ADC's Medical Grievance Supervisor (Doc. No. 7-1); and a copy of the ADC's grievance procedure, Administrative Directive 19-34 (Doc. No. 7-2).

## A.    *Exhaustion of Administrative Remedies*

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014).  Exhaustion under the PLRA is mandatory.  *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield,* 681 F.3d 945, 949 (8th Cir. 2012).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  The PLRA does not prescribe the manner in which exhaustion occurs.  *See Jones v. Bock*, 549 U.S. at 218.  It merely requires compliance with prison grievance procedures to properly exhaust.  *See id*.  Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy.  *See id*.

Pursuant to the ADC's grievance policy, Administrative Directive 19-34, inmates are provided Unit Level Grievance Forms as part of the Inmate Grievance Procedure.  *See* Doc. No. 7-2 at 5.  To resolve a problem, an inmate must first seek

informal resolution by submitting a Step One Unit Level Grievance Form within 15 days after the occurrence of the incident. *Id.* at 1-2, 7. Inmates are to "specifically name each individual involved" so that the ADC may complete a proper investigation and response. *Id*. at 5. The policy provides that only one grievance form

> can be submitted per grievance and only one problem/issue should be stated in the grievance, not multiple problems/issues. An inmate must use a separate form for each issue. Only one issue will be addressed. Additional problems/issues contained in the grievance will not be considered as exhausted.

*Id*. An inmate must be "specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id*. at 7.

A problem solver investigates the complaint and provides a written response at the bottom of the form. *Id.* at 7-8. If the inmate is not satisfied with the resolution or the problem solver does not respond within three working days, he may then complete Step Two of the grievance procedure and submit the form as a formal grievance. *Id.* at 8. If a formal grievance is medical in nature, it is forwarded to the appropriate medical personnel for response. *Id.* at 10.

The inmate should receive a Response to the Unit Level Grievance Form (Attachment III or IV depending on whether the grievance is medical in nature), or an Acknowledgement or Rejection of Unit Level Grievance (Attachment II). *Id.* at

10-11.  If the inmate receives no response, or if the inmate is not satisfied with the response, the inmate can then appeal to the Deputy Director for Health and Correctional Programs.  *Id.* at 12.  An inmate's appeal must be written in the space provided on the Response to Unit Level Grievance Form (Attachment III or IV) or the Acknowledgment or Rejection of Unit Level Grievance (Attachment II).  *Id.* at 12.  The inmate must include the original Unit Level Grievance Form (Attachment I) and either the Response to Unit Level Grievance Form (Attachment III or IV) or the Acknowledgement or Rejection of the Unit Level Grievance (Attachment II) with his appeal.  *Id.*  If an inmate fails to submit either of the two pages with his appeal, the appeal may be returned to the inmate as rejected.  *Id.*  The grievance procedure further provides that in order to complete an appeal, "the inmate must state a reason for the appeal, and must date, sign, and write the inmate's ADC number on the attachment being appealed."  *Id.*

Once the Deputy Director responds or the appeal is rejected, the grievance process is complete.  *Id.* at 13.  According to the ADC's grievance policy, the entire grievance procedure should be completed within 76 working days absent an extension or unforeseen circumstances.  *Id.* at 14.  The grievance policy specifically states that inmates must exhaust administrative remedies at all levels of the procedure before filing a federal civil rights lawsuit.  *Id.* at 19.

## B.     Mitchell's Complaint Allegations & Grievance Records

Mitchell alleged that an earplug broke off in his ear on August 30, 2025, and he was seen by Nurse Armstrong in the infirmary the next day.  Doc. No. 2 at 4-5. He alleged that Armstrong phoned Bland and requested that Mitchell be sent to the hospital to have the earplug removed, but Bland refused.  *Id.* at 5.  Mitchell further alleged that Bland caused additional injury to his ear while trying to remove the earplug on September 3, 2025, and then refused to send him to the hospital for further treatment.  *Id.* at 6.

According to medical grievance supervisor Johnson's declaration, her office maintains the ADC's records relating to the appeals of grievances filed by ADC inmates.  Doc. No. 7-1 at ¶ 3.  She reviewed her records and found no record of any medical grievances submitted by Mitchell from 2018 to the present.  *Id.* at ¶¶ 3-4. Mitchell has not disputed the facts asserted by Johnson.

The Court finds Mitchell failed to exhaust his administrative remedies with respect to his claims in this case for two reasons.  First, there is no record of any grievance or request from Mitchell describing his allegations against Bland.  Second, Mitchell has come forward with no proof that he attempted to grieve Bland's actions, but was prevented from doing so.[1]  In sum, because Mitchell did not grieve his

---

[1] *See East v. Minnehaha Cty.*, 986 F.3d 816, 821 (8th Cir. 2021) (holding that an inmate need only exhaust *available* administrative remedies). "Administrative remedies are not available if 'prison administrators thwart inmates from taking advantage of a

complaint allegations and has not shown that he was unable to do so, Bland is entitled to summary judgment.

## IV.  Conclusion

For the reasons stated herein, the Court recommends that Bland's motion for summary judgment (Doc. No. 5) be granted, and Mitchell's claims against her be dismissed without prejudice due to Mitchell's failure to exhaust available administrative remedies.

SO RECOMMENDED this 20th day of November, 2025.

_____

UNITED STATES MAGISTRATE JUDGE

---

grievance process through machination, misrepresentation, or intimidation.'"  *Id.* (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016)).  Administrative remedies may also be unavailable if prison officials prevent inmates from utilizing the grievance procedures or fail to comply with such procedures.  *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001).