IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHANE LEE MITCHELL                                                                      PLAINTIFF
ADC #121150

v.                              Case No. 4:25-cv-00960-KGB

ESTELLA BLAND                                                                           DEFENDANT

## ORDER

Before the Court are the Proposed Findings and Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris recommending that the Court grant defendant Estella Bland's motion for summary judgment on exhaustion (Dkt. Nos. 5, 17). Plaintiff Shane Lee Mitchell has filed objections to the Recommendation (Dkt. No. 18). Mitchell has also filed a motion for leave to proceed *in forma pauperis*, a motion to amend complaint, a motion for injunctive relief/permanent injunction for legal mail services and motion to appoint counsel, and a motion seeking evidence (Dkt. Nos. 20, 21, 22, 24). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 17). The Court grants Bland's motion for summary judgment (Dkt. No. 5), denies Mitchell's motion to amend complaint (Dkt. No. 21), denies as moot Mitchell's motion for leave to proceed *in forma pauperis* (Dkt. No. 20), denies Mitchell's motion for injunctive relief and motion to appoint counsel (Dkt. No. 22), and denies as moot Mitchell's motion seeking evidence (Dkt. No. 24).

I.      **Background**

Mitchell, currently confined in the Cummins Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). Mitchell claims that

Bland refused to provide him with adequate medical treatment on August 31, 2025, and September 3, 2025 (*Id.*). Bland filed a motion for summary judgment on the ground that Mitchell did not exhaust his administrative remedies as to his claims against her prior to filing this lawsuit (Dkt. No. 5). In an Order filed September 24, 2025, Judge Harris notified Mitchell of his opportunity to file a response to the motion for summary judgment (Dkt. No. 9), but Mitchell did not file a response. Mitchell later complained that he did not receive Bland's motion for summary judgment, the supporting documents, or the Court's Order notifying him of his opportunity to file a response (Dkt. No. 18-1), but the Court does not have a record of mail to Mitchell being returned undeliverable. Furthermore, Mitchell does not contend that he did not receive the Court's Order dated October 6, 2025, which references Bland's motion for summary judgment (Dkt. No. 13). Judge Harris did not submit her Recommendation until over a month after Mitchell would have received notice of Bland's motion for summary judgment by way of the Court's October 6, 2025, Order.

## II.     Mitchell's Objections

The Court writes separately to address Mitchell's objections to the Recommendation (Dkt. No. 18-1). In the Recommendation, Judge Harris finds that Bland's motion for summary judgment must be granted because Mitchell failed to exhaust his administrative remedies prior to bringing this action as required by the Prison Litigation Reform Act ("PLRA") and the ADC's Inmate Grievance Procedure (Dkt. No. 17, at 4–8). Judge Harris determined, based on the uncontroverted testimony of Medical Grievance Supervisor Brandy Johnson, that Mitchell had submitted no medical grievances from 2018 to September 24, 2025 (*Id.*, at 7).

Mitchell has attached to his objections what appear to be some grievances from early September 2025 (Dkt. No. 18-1, at 4–6). It is unclear to the Court whether any of the grievances

were submitted to an ADC official because none of the grievance forms Mitchell attaches have been given an ADC grievance number (*Id*.).  The alleged grievance forms are also very difficult to read (*Id*).  Two are marked "medical" (*Id.*, at 5–6), but on one of the forms "medical" is not circled (*Id*., at 4).  The one that is not marked "medical" is the only one where the word "Bland" appears on the form.

Regardless of the status of the forms produced by Mitchell, Mitchell acknowledges in his written objections that "the inmate grievance process over this case was not exhausted at the time I filed this [lawsuit]" (*Id*., at 1).  The Court appreciates Mitchell's candor.  Because Mitchell acknowledges that he had not exhausted the grievance process as to his claims regarding Bland's medical care prior to filing this lawsuit, the Court agrees with Judge Harris's Recommendation that Bland is entitled to summary judgment on the issue of exhaustion.  As set forth in the Recommendation, the PLRA requires that the grievance process be exhausted before filing suit in federal court (Dkt. No. 17, at 4 (citing 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014)), and exhaustion under the PLRA is mandatory (*Id*.  (citing *Jones v. Bock*, 549 U.S. at 211; *Hammett v. Cofield*, 681 F.3d 945, 949 (8th Cir. 2012)).

Upon a *de novo* review of the record, including the Recommendation, the Court finds that Mitchell's objections break no new ground and fail to rebut the Recommendation.  Thus, the Court agrees with the Recommendation and adopts the Recommendation's findings in its entirety (Dkt. No. 17).  The Court grants Bland's motion for summary judgment on exhaustion (Dkt. No. 5).

### III.     Motion To Amend

Mitchell has also filed a motion to amend complaint and attached his proposed amended complaint to the motion (Dkt. No. 21).  Mitchell's amended complaint still names Bland but also

3

seeks to add another medical defendant "Provider Young" (Dkt. No. 21). Mitchell claims that Bland and Young denied him medical care from August 30, 2025, when the earplug became lodged in his ear, until September 29, 2025, when the earplug was removed from his right ear by Bland.

The Court deems futile in this case Mitchell's request to amend and proposed amended complaint because the record does not support that Mitchell had exhausted his administrative remedies as to his claims against Bland or Young prior to filing this lawsuit. As set forth above, the PLRA requires that the grievance process be exhausted before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). While Mitchell mentions in his amended complaint having now fully exhausted a grievance that he initiated on September 28, 2025, that grievance would have been initiated after this lawsuit was filed, which does not satisfy the requirement under controlling law (*see* Dkt. No. 21, at 14). Further, Mitchell has not attached this grievance to any of his filings for the Court to know whether it was a medical grievance, whether it involved the defendants named in Mitchell's proposed amended complaint, or whether it is in fact fully exhausted. Based on the record before the Court, Mitchell has not cured the deficiencies with exhaustion identified by Judge Harris in the Recommendation with his proposed amended complaint (Dkt. No. 17). For these reasons, the Court denies as futile Mitchell's motion to file amended complaint (Dkt. No. 21).

### IV. Other Motions

Mitchell has also filed a motion for leave to proceed *in forma pauperis*, a motion for permanent injunction and to appoint counsel, and a motion for evidence (Dkt. Nos. 20, 22, 24). Because the Court has already granted Mitchell's motion to proceed *in forma pauperis* in this case (Dkt. No. 3), the Court denies as moot Mitchell's second motion to proceed *in forma pauperis* (Dkt. No. 20).

Also before the Court is Mitchell's motion for permanent injunction and to appoint counsel (Dkt. No. 22).  In the motion for permanent injunction, which is also supported by an addendum[1] (Dkt. No. 24), Mitchell seeks injunctive relief over what he claims to be the "mishandling" or "lost" legal mail in this case from September 18, 2025, to September 25, 2025 (Dkt. No. 22, at 2).  Mitchell claims that lost mail denied him access to the court (*Id.*).  This is a separate claim from the one brought in this lawsuit and must be raised in a separate lawsuit because it involves separate defendants and occurred at a time after the incident described in Mitchell's currently pending complaint.  Further, because the Court is adopting the Recommendation and dismissing without prejudice all of Mitchell's claims in his currently pending complaint, the Court denies as moot Mitchell's motion for appointed counsel.

In addition, Mitchell filed a motion seeking evidence (Dkt. No. 24).  Mitchell requests that evidence be preserved regarding the events of September 29, 2025, about which he complains (*Id.*).  Because the Court is adopting the Recommendation and dismissing without prejudice all of Mitchell's claims in his currently pending complaint, the Court denies as moot Mitchell's motion seeking evidence; engaging in discovery is not appropriate at this time.

V.    **Conclusion**

Therefore, it is ordered that:

1. The Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 17);

2. The Court grants Bland's motion for summary judgment (Dkt. No. 5);

---

[1] The addendum to the motion for permanent injunction attaches grievance documents (Dkt. No. 23).  The grievance documents appear to show that Mitchell did not file a grievance regarding the earplug incident naming Bland and Young until October 3, 2025, after this lawsuit was filed (*Id.*).  It also appears from the documents in the addendum that the grievance process was not completed by Mitchell until November 14, 2025, at the earliest (*Id.*).

3. The Court dismisses without prejudice Mitchell's claims against Bland due to Mitchell's failure to exhaust available administrative remedies (Dkt. No. 2);

4. The Court denies Mitchell's motion to amend complaint (Dkt. No. 21);

5. The Court denies as moot Mitchell's motion for leave to proceed *in forma pauperis* (Dkt. No. 20) because Mitchell is already proceeding *in forma pauperis* in this case;

6. The Court denies Mitchell's motion for injunctive relief/permanent injunction for legal mail services (Dkt. No. 22);

7. The Court denies Mitchell's motion to appoint counsel (*Id.*);

8. The Court denies Mitchell's motion for evidence (Dkt. No. 24); and

9. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So ordered, this 5th day of January, 2026.

Kristine G. Baker
Chief United States District Judge